**U.S. Department of Justice**

FILED 08 APR 02 15:08 USDC-LAE

*United States Attorney's Office*
*Eastern District of Louisiana*

---

*R. Christopher Cox III*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*500 Poydras Street, Second Floor*
*New Orleans, Louisiana 70130*

*Telephone: (504) 680-3160*
*Facsimile: (504) 589-3602*

April 2, 2008

**BY HAND**

The Honorable A.J. McNamara
United States District Court
500 Poydras Street, Room C107-A
New Orleans, LA 70130

      Re: *United States v. Warren Otis Patterson*
          Case No. 07-273 "D" (4)

Dear Judge McNamara:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Warren Otis Patterson, the defendant in the above-captioned proceeding. The defendant's undersigned counsel, Arthur L. Harris, Sr., has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The Government has agreed that should the Court accept Mr. Patterson's plea of guilty to Count 1 of the Superseding Bill of Information, the Government will request that the Court dismiss Count 1 of the Indictment at the time of sentencing. The defendant understands that the Court is not bound to accept the plea agreement.

    The Government also has agreed that should the Court accept Mr. Patterson's plea of guilty to Count 1 of the Superseding Bill of Information, it will not charge him with any other violations of the Federal Controlled Substances Act that he may have committed prior to February 19, 2007, as long as the defendant has truthfully informed federal agents of the full details of any such crimes. However, the defendant understands that this agreement does not apply to any other crimes of violence which he may have committed.

    The Government and the defendant agree and stipulate that for purposes of calculating the advisory sentencing range under the United States Sentencing Guidelines, Mr. Patterson conspired with others to distribute or possess with the intent to distribute one (1) kilogram of cocaine hydrochloride and seven (7) grams of cocaine base during the conspiracy charged in the Superseding Bill of Information.

____ Fee_____
____ Process_____
_X_ Dktd_____
____ CtRmDep_____
____ Doc. No._____

The Honorable A.J. McNamara
April 2, 2008
Page 2

Mr. Patterson understands that the maximum penalty he may receive should his plea of guilty be accepted is forty (40) years of imprisonment with a *minimum* term of five (5) years of imprisonment, and a maximum fine of $2,000,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 21, United States Code, Section 841(b)(1)(B) and Title 18, United States Code, Section 3571.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100 shall be imposed under the provisions of Section 3013 of Title 18, United States Code.  This special assessment must be paid on the date of sentencing.  Failure to pay this special assessment may result in the plea agreement being void.

Mr. Patterson further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a *minimum* of four (4) years pursuant to Title 21, United States Code, Section 841(b)(1)(B) and Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which the defendant's conduct will be monitored by the Court or the Court's designee.  The defendant fully understands that if he violates any of the conditions of supervised release that the Court has imposed, the defendant's supervised release may be revoked and he may be ordered by the Court to serve in prison all or part of the term of supervised release.

Except as otherwise provided in this paragraph, Mr. Patterson hereby expressly waives his right to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Section 1291 and by Title 18, United States Code, Section 3742.  The defendant also waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post-conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.  The defendant further waives any rights that he may have under the Freedom of Information Act as it relates to those activities set forth in the Indictment and Superseding Bill of Information.  Subject to the foregoing, the defendant reserves the right to bring a direct appeal only of any sentence imposed in excess of the statutory maximum.

The defendant understands that he may have the right to request DNA testing of physical evidence in the Government's possession and applicable to this case pursuant to Title 18, United States Code, Sections 3600 and 3600A.  Pursuant to this agreement, the defendant knowingly and

The Honorable A.J. McNamara
April 2, 2008
Page 3

voluntarily waives and relinquishes any such right and fully understands that, as a result of this waiver, the defendant will not have another opportunity to have the physical evidence in this case submitted for DNA testing or to employ the results of DNA testing to support any claim of innocence regarding the offense(s) to which the defendant is pleading guilty. In addition, the defendant also understands that the Government may dispose of such evidence upon the defendant's entering a plea of guilty.

The defendant understands that any discussions with his attorney or anyone else regarding sentencing guidelines are merely rough estimates, and that the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands that the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and that he may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person the defendant believes to be violating the law, and he agrees to assist the Government with regard to the investigation and prosecution of criminal conduct.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The Government may, but shall not be required to make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be at the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he would face additional criminal charges.

The Honorable A.J. McNamara
April 2, 2008
Page 4

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which the defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil, or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Indictment, the Superseding Bill of Information, or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Indictment, the Superseding Bill of Information, or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that the defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent the defendant's entire agreement with the Government and that there are not any other agreements, letters, or notations that will affect this agreement.

Sincerely,

JIM LETTEN
UNITED STATES ATTORNEY


R. CHRISTOPHER COX III
Assistant United States Attorney


WARREN OTIS PATTERSON                04/07/08
Defendant                            (date)


ARTHUR L. HARRIS, SR.                04/07/08
Attorney for Defendant               (date)